[In Bank.—June 27, 1883.]

## JEROME MILLARD, Respondent, *v.* YEE TEEN, et al., Respondents.

Appeal—Jurisdiction—Municipal Court of Appeals.—In an action pending on appeal in the county court of the city and county of San Francisco at the time of the passage of the act creating the municipal court of appeals, no order transferring the action to the latter court was required to give that court jurisdiction to hear and determine the same. The transfer was made by operation of the act itself.

Id.—Undertaking on Appeal.—In such a case, the undertaking on appeal to the county court is as effectual to bind the sureties as if the action had not been transferred.

Appeal from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*Estee & Boalt,* for Appellants, cited *Uridias* v. *Morrill,* 22 Cal. 473; *Fraser* v. *Freelon,* 53 Cal. 644; *Norwood* v. *Kenfield,* 34 Cal. 329; *Trobock* v. *Caro,* 60 Cal. 301.

*L. Quint,* for Respondent.

Per Curiam.—Woon Ah Wah commenced an action in a

Justices' Court of the city and county of San Francisco against Woon Ah Chin and two others. Such proceedings were had therein that on the 21st of April, 1879, the plaintiff recovered a judgment against the defendants for $295 damages and $42 costs. On the same day the defendants gave notice of appeal, and filed an undertaking on appeal, in the sum of $750, with Lee You and Ah Yung as sureties, which recited the judgment and the desire of the defendants of appealing therefrom to the county court of the city and county of San Francisco, and was conditioned, that if the defendants should pay the amount of said judgment and all costs, and obey any order the said county court might make, if the appeal be withdrawn or dismissed, or pay the amount of any judgment and all costs that might be recovered against the appellants in the said county court, etc. On the 30th of April, 1879, the said defendants filed another undertaking of the same import, with Yee Teen and Luey Sing as sureties. The case was subsequently, in September, 1879, tried in the municipal court of appeals, and judgment rendered in favor of the plaintiff and against the defendants for $295 and costs. Payment of the amount of the judgment was demanded of the defendants and of the sureties, and payment was refused; thereupon this action was commenced in the Superior Court, on the undertaking, against the sureties, in which action judgment was rendered in favor of the plaintiff herein (assignee of the plaintiff in the former action) for $444.13 and costs. It does not appear that any order was made for the transfer of the case, after being appealed, from the county court to the municipal court of appeals; it appears merely, that the case was appealed to the county court, that it by some means got into the municipal court of appeals, was there tried, and there judgment was rendered.

The appellants do not question the constitutionality of the Act of April 1, 1878, creating the municipal court of appeals, but they contend that that court did not acquire jurisdiction of the appeal for the reason that there was no order made by the county court transferring the action to the municipal court of appeals for trial. In *Davis* v. *Superior Court, post,* it was held that no order was necessary; that the act itself operated such transfer.

It was urged that as the undertakings were to abide the judgment of the county court, as that court has rendered no judgment, the sureties have incurred no liability. The giving of the notice of appeal and the undertaking were means—processes—by and through the use of which the appellants were empowered to have a retrial of the case. The law provided for the appeal to be taken to the county court; being so taken, the other court had authority by the terms of the act creating it to hear the case and determine it; it was a hearing and determination on appeal that the defendants desired, and that hearing and determination, in a method provided by law, has been had.

The judgment is affirmed.

THORNTON, J., and McKEE, J., dissented.